IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DWIGHT BOWEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3:20-220 |
| vs. | ) |
| | ) District Judge Stephanie L. Haines |
| JOHN WETZEL, *et al.*, | ) Magistrate Judge Keith A. Pesto |
| | ) |
| Defendants. | ) |

**MEMORANDUM and ORDER OF COURT**

This is a civil rights case brought under 42 U.S.C. § 1983 by Dwight Bowen ("Plaintiff"), a prisoner currently incarcerated at SCI-Greene. Plaintiff is serving two consecutive life sentences for his role in firebombing a home, resulting in the death of two children, as well as a 20-40 year sentence for killing a fellow inmate at SCI-Pine Grove. This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

**I.   Procedural Background**

On December 22, 2020, Plaintiff filed a 37-page, eight-count complaint [Doc. 10] against 28 employees and agents of the Pennsylvania Department of Corrections, alleging multiple violations of his constitutional and civil rights while he was incarcerated at SCI-Houtzdale. Upon screening of the complaint in accordance with § 1915(e)(2) of the Prison Litigation Reform Act ("PLRA"), Judge Pesto issued a Report and Recommendation ("R&R") [Doc. 23] recommending that the complaint be dismissed for failure to state a claim, with leave to amend in part <u>solely</u> as to Plaintiff's allegations that he had been exposed on three occasions to human waste while at SCI-Houtzdale. Plaintiff was advised that he had fourteen days to file written objections to the R&R.

1

*See* 28 U.S.C. § 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. He also was informed that he could, within fourteen days, amend his complaint as limited in the R&R, and that he could, if he chose, both amend his complaint as permitted and file objections to the R&R [Doc. 23].

After receiving an extension of time to answer the R&R, Plaintiff filed a 55-page, fifteen-count amended complaint against the same 28 employees named in the original complaint [Doc. 26]. He did not, however, file objections to the recommendation that his complaint be dismissed for failure to state any claim upon which relief can be granted. On May 3, 2022, Judge Pesto then issued a second R&R [Doc. 27] recommending that the amended complaint be dismissed, without further leave to amend, as it likewise fails to state any plausible claim related to his allegations of exposure to human waste. Plaintiff was advised that he had fourteen days from the date of service of the second R&R to file written objections to it. *See* 28 U.S.C. § 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. After receiving one extension of time, Plaintiff filed objections on June 7, 2022 [Doc. 31].

**II.    Standard**

When a party objects timely to a magistrate judge's report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Local Civil Rule 72.D.2. In doing so, the Court may accept, reject or modify, in whole or in part, the findings and recommendations made in the report. 28 U.S.C. § 636(b)(1). A district court is not required to make any separate findings or conclusions when reviewing a recommendation de novo under § 636(b). *See Hill v. Barnacle*, 655 F. App'x 142, 148 (3d Cir. 2016).

**III.     Discussion**

  **A.     Second Report and Recommendation [Doc. 27]**

Upon de novo review of the record and the second R&R, and pursuant to Local Civil Rule 72.D.2, the Court will accept the recommendation of Judge Pesto that Plaintiff's operative amended complaint be dismissed without leave to amend.

Pursuant to the PLRA, a Court is obligated to "screen" the complaint of a plaintiff proceeding *in forma pauperis* at any time, which can be prior to service of process. 28 U.S.C. § 1915(e)(2). The screening procedure requires courts to review *in forma pauperis* complaints filed by all persons and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Upon screening of Plaintiff's amended complaint, Judge Pesto recommends in the second R&R that the amended complaint be dismissed because the allegations regarding Plaintiff's exposure to waste as set forth in that amended complaint are insufficient to state any plausible claim upon which relief may be granted. This Court agrees.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on motions to dismiss brought under Federal Rule of Civil Procedure 12(b)(6). *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*).

Here, Plaintiff's allegations concerning his exposure to contaminated water and human waste simply are not sufficient to state a cognizable claim against any defendant under the Eighth

Amendment. As Judge Pesto explains in his R&R, as to each of Plaintiff's three alleged exposure claims Plaintiff has failed to allege, *inter alia*, either the deliberate indifference or the objective "excessive risk to health or safety" elements necessary to stating a plausible claim under *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Judge Pesto thoroughly analyzed Plaintiff's allegations and purported claims in the second R&R [Doc. 27 pp. 2-5], and this Court concurs in whole with his analysis for the reasons set forth in the R&R with nothing to be added.

This Court also agrees with Judge Pesto's recommendation that dismissal of Plaintiff's amended complaint should be without leave to amend, as further amendment would be inequitable and futile. *See* 28 U.S.C. §1915; *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Plaintiff already was granted leave to amend his complaint, and he was unable to cure the previously identified deficiencies to state a plausible claim relating to his exposure claims.

**B.   Objections**

As noted, Plaintiff did not file objections to the first R&R, instead choosing to file an amended complaint. Although Plaintiff was granted *limited* leave to amend *solely* as to his allegations of exposure to human waste, he did not comply with that limited directive, instead filing an amended complaint asserting not only the identical claims that Judge Pesto had recommended be dismissed without leave to amend, but even adding entirely new claims. Then, following the second R&R, Plaintiff did file objections, but ones which primarily challenge the findings set forth in Judge Pesto's *first* R&R recommending dismissal of the *original* complaint, which itself was rendered a nullity upon Plaintiff's filing of the amended complaint.

The operative complaint before this Court is the amended complaint, which superseded the original complaint. And the only allegations in the amended complaint for this Court's consideration are those relating to Plaintiff's exposure to human waste, as those are the only

allegations for which Judge Pesto granted leave to amend. Plaintiff could have objected to the recommendation in the first R&R that the original complaint failed to state any plausible claim, and/or to the denial of leave to amend the complaint with the one limited exception. He did not. Instead, he waived his right to object to the recommendations of the first R&R by filing an amended complaint, nullifying the original complaint and essentially mooting the first R&R. Accordingly, his untimely objections to the first R&R are unavailing.[1]

Moreover, Judge Pesto's second R&R correctly addresses only the allegations for which leave to amend had been granted, and there was no reason to reconsider the claims asserted in the amended complaint which went beyond the limited leave to amend Plaintiff had been granted, nor to consider any new claims raised for the first time in the amended complaint. As a result, Plaintiff's objections will be overruled.

### IV. Conclusion

Upon de novo review of the record and the second R&R, this Court is satisfied that Judge Pesto's analysis is sound and correct in all respects, and will accept in whole his findings and recommendations. As Plaintiff's amended complaint fails to state any plausible claim upon which relief may be granted related to his allegations of exposure to human waste, and further amendment would be futile, the amended complaint will be dismissed without leave to amend.

Accordingly, the following order is entered:

---

[1] Even had Plaintiff timely filed objections to the original R&R, the Court would have adopted the recommendation that all of Plaintiff's other claims should be dismissed for failure to state a claim upon which relief can be granted. Judge Pesto's analysis of all of these claims, as discussed in detail in the first R&R [Doc. 23], is thorough and sound. Neither Plaintiff's original complaint, nor his amended complaint, state any plausible claim upon which relief can be granted, for the reasons set forth in both of Judge Pesto's R&R's [Docs. 23 and 27].

## ORDER OF COURT

AND NOW, this 28th day of March, 2024, for the reasons set forth in Magistrate Judge Keith A. Pesto's second Report and Recommendation [Doc. 27], which hereby is adopted in whole as the opinion of the Court as supplemented herein, IT IS ORDERED that this action hereby is **dismissed with prejudice**. The Clerk of Court shall mark this matter closed.

Stephanie L. Haines
United States District Judge